# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

TERRAY SYLVESTER,
4694 Westwood Drive
Hood River, OR 97031

     Plaintiff,

v.

BREITBART NEWS NETWORK, LLC,
149 South Barrington Avenue, #735
Los Angeles, CA 90049

     Defendant.

Civil Action No.: 1:17-cv-1817

COMPLAINT AND JURY
DEMAND

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, TERRAY SYLVESTER ("Sylvester" or "Plaintiff"), brings this complaint in the

United States District Court for the District of Columbia against BREITBART NEWS

NETWORK, LLC. ("Breitbart" or "Defendant"), alleging as follows:

## PARTIES

1.  Plaintiff is a print reporter and freelance photojournalist with nine (9) years experience.

    Plaintiff's clients include *Reuters, The San Francisco Chronicle, New Yorker Online, Outside

    Online, VICE Magazine, Orion Magazine* and others. Plaintiff specializes in stories at the

    intersection of environmental and social justice issues – stories that examine civilization's

    relationship with the land. Plaintiff resides in Hood River, Oregon.

2.  On information and belief, Breitbart is a news, opinion and commentary website founded in 2007 by conservative commentator Andrew Breitbart. Breitbart is Foreign Limited Liability Company existing under the laws of the State of Delaware, with headquarters in Los Angeles, California. Breitbart maintains a permanent office in the District of Columbia.[1] Breitbart owns and operates www.breitbart.com, which is ranked as the 62nd most visited website in the United States and the 291st most visited website in the world.[2]

## JURISDICTION AND VENUE

3.  This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4.  This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5.  This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b), in that Defendant: (1) transacts business in the District of Columbia; (2) contracts to supply services in the District of Columbia; and (3) avails himself of the privilege of conducting activities with the District of Columbia, and therefore invokes the benefits and protections of it laws.

6.  This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

---

[1] www.mapquest.com/us/district-of-columbia/business-washington/breitbart-news-network-286144562, www.usatoday.com/story/news/politics/2017/03/23/bannons-rise-forces-breitbart-news-out-shadows-and-basement-trump/99456912

[2] https://www.alexa.com/siteinfo/breitbart.com

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7.  Plaintiff captured the photograph, "20151105_BerkeleyProtest_ts.jpg" ("Copyrighted

Photograph") on November 5, 2015 while covering a student protest in Berkeley, California.

[EXHIBIT 1].

8.  On or about November 5, 2016, Plaintiff posted the Copyrighted Photograph to his Twitter

account, www.twitter.com/TerraySv/status/662404281325088768. (Last visited August 28,

2017). [EXHIBIT 2].

9.  On or about November 5, 2016, Plaintiff posted the Copyrighted Photograph to his

Instagram account, www.instagram.com/p/9uIG1AFU0Y/?taken-by=terraysylvester. (Last

visited August 28, 2017). [EXHIBIT 3].

10. Beginning on or about December 5, 2015, Defendant copied and posted the Copyrighted

Photograph to the Defendant's commercial website, www.breitbart.com, to accompany a

number of articles on various topics.

11. Defendant posted the Copyrighted Photograph to the following URLs:

- www.breitbart.com/big-government/2016/01/21/oberlin-college-president-refuses-to-
  respond-to-deeply-troubling-black-student-demands (Last visited August 28, 2017).

- www.breitbart.com/big-government/2015/12/05/70-black-campus-groups-plan-protests-
  demand-free-tuition-black-students (Last visited August 28, 2017).

- www.breitbart.com/tag/safe-spaces (Last visited August 28, 2017).

- www.breitbart.com/tag/social-justice (Last visited August 28, 2017).

- www.breitbart.com/big-government/page/359 (Last visited August 28, 2017).

- www.breitbart.com/education/page/15 (Last visited August 28, 2017).

- www.breitbart.com/racism/page/15 (Last visited August 28, 2017).

- www.breitbart.com/tag/black-liberation-collective (Last visited August 28, 2017).

- www.breitbart.com/tag/black-lives-matter/page/15 (Last visited August 28, 2017).

- www.breitbart.com/tag/black-safe-spaces (Last visited August 28, 2017).

- www.breitbart.com/tag/marvin-krislov (Last visited August 28, 2017).

- www.breitbart.com/tag/oberlin-college (Last visited August 28, 2017).

- www.breitbart.com/big-government/page/433 (Last visited August 28, 2017).

- www.breitbart.com/education/page/19 (Last visited August 28, 2017).

- www.breitbart.com/racism/page/19 (Last visited August 28, 2017).

- www.breitbart.com/tag/millionstudentmarch (Last visited August 28, 2017).

- www.breitbart.com/tag/harvard (Last visited August 28, 2017).

- www.breitbart.com/tag/university-of-missouri (Last visited August 28, 2017).

- www.breitbart.com/author/jerome-hudson/page/21 (Last visited August 28, 2017).

- www.breitbart.com/author/jerome-hudson/page/22 (Last visited August 28, 2017).

[EXHIBIT 4 displays a selection of the above-listed URLs].

12. Plaintiff deposited copies of the Copyrighted Photographs with the United States Copyright Office and paid the required registration fee in accordance with 17 U.S.C. §§ 408-9, 708.

13. Plaintiff received a receipt (Case Number 1-5757508261) for his registration application for the Copyrighted Photographs from the United States Copyright Office. [EXHIBIT 5].

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

14. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

15. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to the Copyrighted Photographs, which are the subject of a valid and complete application before the United States Copyright Office for Certificate of Copyright Registration by the Register of Copyrights.

16. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photographs and to distribute the Copyrighted Photographs to the public.

17. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has copied and used the Copyrighted Photograph. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

18. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

19. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504(b) for Defendant's infringement of the Copyrighted Photograph.

## COUNT II: CONTRIBUTORY INFRINGEMENT

20. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

21. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly made available the Copyrighted Photograph to third party publishers and distributors when Defendant posted large, active links to Facebook, Google+, and Twitter directly above their use of the Copyrighted Photograph described in Paragraph 12-13. [EXHIBIT 6].

22. By displaying the Copyrighted Photograph together with the active links to established, social media websites, Defendant is contributing to direct copyright infringement.

23. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

24. Defendant's acts of contributory infringement have been willful, intentional, and purposeful, in disregard of an indifferent to the rights of Plaintiff.

25. As a result of Defendant's actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's

Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or

other rights in any manner;

C.  Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by

Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and

since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable

statutory damages for each violation;

D.  Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement

in an amount to be determined at trial;

E.  Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action,

pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.  Awarding Plaintiff such other and further relief as is just and proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury

trial.


Dated: September 5, 2017


___/s/____David C. Deal_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
*Attorney for Plaintiff*

EXHIBIT 1



EXHIBIT 2



EXHIBIT 3



EXHIBIT 4









EXHIBIT 5



EXHIBIT 6

